1
2
3
4
5
6
7

**NICHOLAS M. WAJDA**
(State Bar #259178)
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
nick@wadjalawgroup.com
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Counsel for Plaintiff*

8
9
10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| RACHAEL MARZOLINE,<br><br>       Plaintiff,<br><br>   v.<br><br><br>THE LITIGATION PRACTICE GROUP, PC,<br><br>       Defendant. | Case No.  4:22-cv-03101<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1.  VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §1679 *ET SEQ.***<br><br>**2.  VIOLATION OF THE CALIFORNIA CREDIT SERVICES ORGANIZATIONS ACT, CAL. CIV. CODE §1789 *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

22
23

    **NOW COMES** Rachael Marzoline ("Plaintiff"), by and through the undersigned, complaining of The Litigation Practice Group, P.C., ("Defendant") as follows:

24

**NATURE OF THE ACTION**

25
26
27
28

   1.  Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.,* as well as the California Credit Services Organization Act ("CCSOA") under Cal. Civ. Code § 1789.10 *et seq.,* for Defendant's unlawful conduct.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the CROA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in California, Plaintiff resides in Oakland, California, and a substantial portion of the events or omissions giving rise to the instant claims occurred within the Northern District of California.

**PARTIES**

4.   Plaintiff is a 55 year old natural "person," as defined by 47 U.S.C. § 153(39), residing in Oakland, California, which lies within the Northern District of California.

5.   Defendant is a credit repair organization and law corporation that offers its customers the ability to eliminate and resolve their debt issues through Defendant's services. Defendant is a professional corporation organized under the laws of the state of California with its principal place of business located at 17542 17th Street, Suite 100, Tustin, California.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.   In approximately March 2022, Plaintiff had numerous debts, including student loans, which she wanted to address, and so she began seeking out the assistance of various debt relief companies.

2

9.   Upon searching the internet, Plaintiff came upon Defendant and its representative by the name of Brandon.

10.  Plaintiff was eventually contacted by Defendant, at which point Defendant explained the nature of its services and that it could help Plaintiff eliminate and resolve her debt issues. Plaintiff immediately felt pressured to sign up with Defendant on the promise that it would delete items off of her credit reports.

11.  It was represented to Plaintiff that Defendant would be able to pay off her debts within 18 months if Plaintiff made payments of approximately $265 per month to Defendant on the 4th of every month.

12.  Plaintiff was led to believe her payments would both cover Defendant's fees as well as go towards settling her enrolled debts.

13.  Plaintiff subsequently agreed to enroll a number of debts in Defendant's program, and entered into a contract with Defendant in March of 2021 ("Contract").

14.  After making her first payment on April 4, 2022, Plaintiff asked Defendant which of the enrolled debts her payment would go towards settling.

15.  Defendant then informed Plaintiff that her payment was solely for Defendant's fees, and that any additional funds needed to settle any enrolled debts would cost extra.

16.  Plaintiff became distressed and concerned by Defendant's conduct, as she was initially led to believe her monthly payments would go towards settling her debts, yet now found out that was not the case.

17.  Defendant further informed Plaintiff to stop paying off her debts so that she could use such funds to pay for Defendant's services.

18.  As such, Plaintiff's decision to enroll in Defendant's services was premised upon the notion that her $265 monthly payments would go towards settling her debts, as she otherwise lacked additional funds from which she would be able to settle any of the enrolled debts.

19.  After making her first payment, Plaintiff realized that Defendant's business practices of promising results and resolving her debt issues was not what actually transpired and so she attempted to cancel all further services with Defendant.

20.  Accordingly, Plaintiff placed a call to Defendant and a representative of Defendant promised Plaintiff that she would be refunded in the next 24 hours. Defendant has yet to refund Plaintiff.

21.  Additionally, upon information and belief, the fees incurred by Defendant improperly charged Plaintiff before Defendant's services were fully performed.

22.  A portion of Defendant's services included providing Plaintiff with legal representation in the event she got sued by any of the creditors associated with the enrolled debts.

23.  Upon information and belief, Defendant retained fees for services prior to such services being fully performed, as Defendant's retention of Plaintiff's monthly payment, at least in part, went towards purported legal proceedings that have not, and may never, come about.

24.  Even further, the contract between Plaintiff and Defendant fails to include the information and disclosures Defendant was required to provide to Plaintiff under federal and state law.

25.  At no point did Defendant provide Plaintiff any of the disclosures required by federal and state law.

26.  Defendant's failure to provide Plaintiff the relevant information and disclosures inhibited Plaintiff's ability to chart an intelligent course of conduct in connection with her dealings with Defendant.

4

27.  Frustrated, distressed, and confused over Defendant's conduct, Plaintiff spoke with the undersigned regarding her legal rights.

28.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary harm stemming from her reliance on Defendant's conduct, deprivation of her substantive right to receive information regarding Defendant's services, as well as violations of her state and federally protected interests – interests which were harmed put at a material risk of harm stemming from Defendant's conduct.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

31. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

### a.  Violations of CROA §§ 1679b(a)(3)-(4)

32. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

33. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it provided Plaintiff. Defendant represented to Plaintiff that her $265 payment would go towards resolving and eliminating her student loan debt; however, she was later informed, after making her first payment, that her payments went solely towards Defendant's fees and that she would have to pay extra in order to truly resolve her debts. Plaintiff's decision to enroll in Defendant's services was carefully crafted upon considering her financial means, and upon realizing that extent to which she was deceived, Plaintiff suffered emotional distress as she lacked the financial means to both pay Defendant as well as the creditors she sought to avoid by enrolling in Defendant's services.

**b. Violations of CROA § 1679b(b)**

34. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

35. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Included within Defendant's services was legal representation in the event Plaintiff got sued, and Plaintiff's payments went towards these fees. Despite Defendant promising to perform such services, it nevertheless charged and accepted payment before such services were fully performed.

**c. Violation of CROA § 1679c**

36. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between

the credit repair organization and the consumer or any other written material provided to the consumer."

37. Defendant violated 15 U.S.C. §§ 1679c(a)-(b) through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures, nor did it provide a separate document containing such disclosures.

**d.  Violation of CROA §§ 1679d(4) & 1679e**

38. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679e further outlines the extent of a consumer's cancellation rights under CROA while requiring such disclosure to be given to consumers in writing.

39. Defendant violated 15 U.S.C. §§ 1679d(4) & 1679e through its complete failure to provide the above disclosure in immediate proximity to the space reserved for Plaintiff's signature on the contract, as well as its failure to provide the notice of cancellation to Plaintiff.

**WHEREFORE**, Plaintiff, RACHAEL MARZOLINE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT II – VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATION ACT**</u>

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1789.12(c).

42. Defendant is a "credit services organization" as defined by Cal. Civ. Code § 1789.12(a).

**a. Violation of CCSOA § 1789.13**

43.  The CCSOA, pursuant to Cal. Civ. Code § 1789.13, provides a list of prohibited conduct for credit services organizations.

44. Pursuant to § 1789.13(b), a credit services organization cannot "fail to perform the agreed services within six months following the date the buyer signs the contract for those services."

45. Defendant violated § 1789.13(b) by failing to perform its services within 6 months of Plaintiffs signing the contract with Defendant.

46. Pursuant to § 1789.13(g), credit services organization cannot "[m]ake or use untrue or misleading representations in the offer or sale of the services of a credit services organization." Similarly, pursuant to § 1789.13(h), a credit services organization cannot "[e]ngage, directly or indirectly, in an act, practice, or course of business that operates or would operate as a fraud or

8

deception upon a person in connection with the offer or sale of the services of a credit service organization."

47. As outlined above, Defendant violated the above referenced provisions of the CCSOA in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

**WHEREFORE**, Plaintiff, RACHAEL MARZOLINE, respectfully requests that the Arbitrator enter judgment in her favor as follows:

 a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

 b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1789.21(a);

 c. Awarding Plaintiff punitive damages pursuant to Cal. Civ. Code § 1789.21(a);

 d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Cal. Civ. Code § 1789.21(a); and

 e. Awarding any other relief as the Arbitrator deems just and appropriate.

  **Plaintiff demands trial by jury.**

DATED: May 26, 2022      Respectfully submitted,


            By: */s/ Nicholas M. Wajda*

            Nicholas M. Wajda
            **WAJDA LAW GROUP, APC**
            6167 Bristol Parkway
            Suite 200
            Culver City, California 90230
            +1 310-997-0471
            nick@wajdalawgroup.com